IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JING-SHENG YANG, : | |
| : | Case No. 2:13-cv-0676 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| KOHL'S DEPARTMENT STORES, : | |
| INC., *et al.*, : | |
| : | |
| Defendants. : | |

OPINION & ORDER

This matter is before the Court on Defendants' Motion for Attorney Fees. (Doc. 80). Defendants seek fees and costs incurred during this action. For the reasons set forth herein, Defendants' Motion is **GRANTED** as to Defendants' entitlement to fees and costs. As discussed during the parties' March 14, 2017 telephonic status conference, Defendants' counsel is to provide the Court and Plaintiff's counsel with Defendants' actual billing entries on or before **March 28, 2017**. The Court will then schedule an evidentiary hearing to determine the amount of fees and costs to which Defendants are entitled.

I.  BACKGROUND

A.  Factual Background

For purposes of this Motion, the Court need not describe the substance of this case at length. This is a copyright case regarding the allegedly infringing manufacture and sale of a Santa Claus figurine. Defendant Kohl's Department Stores, Inc. ("Kohl's") is a domestic corporation that operates retail stores throughout the Southern District of Ohio. (Compl., Doc. 5, at 3). Defendant Leader Light, Ltd. ("Leader Light") is a foreign corporation principally located

1

in Hong Kong that manufactures a variety of retail products. (*Id.*). Plaintiff Jing-Sheng Yang is a Taiwanese citizen in the business of designing, producing, marketing, distributing, and selling ornamental sculptures. (*Id.*).

In 2009, Plaintiff created a black-and-white sketch of the outer appearance of a Santa Claus figurine (the "Work") and presented it to a China-based factory owner Chu, who added "a variety of creative elements and then began to manufacture the figurine. (Order Granting Defs.' Mot. for Summ. J., Doc. 77, at 2). Plaintiff allegedly granted Chu's company Huizhou Zhaoxing Technology Factory ("Zhaoxing"), a Chinese corporation, an exclusive license to the figurine, after which Zhaoxing began to make payments to Plaintiff. (*Id.*). Plaintiff claimed that Zhaoxing made annual licensing payments of $10,000 from 2009–2011 (*Id.* at 3). Plaintiff registered the Santa Claus figurine design with the United States Copyright Office on October 14, 2011 under Registration Number VA1-793-631. (Doc. 5 at 3).

Kohl's is a retail department store that purchases many items it sells from foreign vendors, including the China-based codefendant Leader Light. (*Id.*). According to Plaintiff, Kohl's purchased 381,200 units of the Work from Zhaoxing in 2010 to sell in its stores. (Doc. 77 at 3). Plaintiff alleges that Zhaoxing discovered Kohl's selling a knockoff (the "Knockoff") purchased from co-defendant Leader Light, and so ceased paying licensing fees to Plaintiff. (*Id.*). In 2011, Zhaoxing presented Plaintiff with an unauthorized and extremely similar version of the Work, which Kohl's had allegedly purchased from codefendent Leader Light, and stopped making payments to Plaintiff. (*Id.*).

### B. Procedural History

On July 12, 2013, Plaintiff filed a verified complaint against Kohl's and unnamed defendants alleging copyright infringement under the Copyright Act, unfair competition in

2

violation of both the Lanham Act and state law, civil conspiracy, accounting violations, and the imposition of a constructive trust. (Doc. 1). Plaintiff amended his complaint on October 25, 2013, adding Defendant Leader Light to the case. (Doc. 5). On October 1, 2015, both Plaintiff and Defendants filed motions for summary judgment; Plaintiff also abandoned his unfair and deceptive trade practices, unfair competition, civil conspiracy, constructive trust, and accounting claims via motion at this time. (Pl.'s Response in Opp'n to Defs.' Mot. for Summ. J., Doc. 55, at 3). Plaintiff abandoned his Lanham Act claim during oral argument on March 25, 2016. (Defs.' Mot. for Att'y Fees, Doc. 80 at 4).

In support of his Motion for Summary Judgment, Plaintiff filed a licensing agreement, purportedly signed on July 7, 2009, granting Zhaoxing an exclusive license to manufacture and sell the product copyrighted under Registration Number VA 1-793-631. (Jing-Sheng Yang Dep., Vol. III, Ex. 7, Doc. 48-10). Additionally, Plaintiff filed four receipts of alleged payments pursuant to this agreement, dated December 30, 2007, December 24, 2008, December 29, 2009, and December 28, 2011, all of which reference Registration Number V 1-793-631. (Pl.'s Mot. for Summ. J., Ex. 14, Doc. 48-14). Accompanying the alleged agreement and payment receipts, Plaintiff filed copies of the Work's Certificate of Registration with the United States Copyright Office, documenting that it received Registration Number VA 1-793-631 on October 14, 2011. (Jing-Sheng Yang Dep., Vol. III, Ex. 2, Doc. 48-5). After considering both parties' Motions for Summary Judgment, the Court granted Defendants' motion for summary judgment with respect to Plaintiff's remaining copyright claim on April 6, 2016. (Doc. 77 at 1).

On May 23, 2016, Defendants brought the instant motion for attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a). This matter has been fully briefed and is ripe for review.

3

## II. STANDARD OF REVIEW

Section 505 of the Copyright Act of 1976 permits a court to exercise its sound discretion to award reasonable attorneys' fees to the prevailing party in any civil action under the statute. 17 U.S.C. § 505 (2012); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533–34 (1994) (award of attorneys' fees under § 505 of the Copyright Act discretionary in light of equitable considerations) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)).  When determining whether to award attorneys' fees, although the deciding court must "give substantial weight to the objective reasonableness of the losing party's position," it "must also give due consideration to all other circumstances relevant to granting fees; and it retains discretion, in light of those factors, to make an award even when the losing party advanced a reasonable claim or defense." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016).

Section 1117(a) of the Lanham Act also permits the recovery of attorneys' fees for prevailing defendants in "exceptional cases." 15 U.S.C. § 1117(a). The Supreme Court has determined that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (interpreting an analogous fee-shifting provision in the Patent Act).

## III. ANALYSIS

### A. Plaintiff's Copyright Infringement Claim Was Objectively Unreasonable.

Plaintiff's counsel has correctly identified *Kirtsaeng v. Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016), as the controlling case for awards of attorneys' fees under Section 505 of the

4

Copyright Act. In *Kirtsaeng*, the Court recognized that courts should "consider the objective reasonableness of the losing party's position." 136 S. Ct. at 1983.

Plaintiff's counsel's submission of a fabricated license agreement and associated license payments is sufficient alone to render his claim objectively unreasonable. *See Scholastic, Inc., v. Stouffer*, 221 F. Supp. 2d 425, 444 (S.D.N.Y. 2002) (submission of falsified documents to the court sufficient to support motion for sanctions that included award of attorneys' fees); *see also Mac Sales Inc. et al., v. Dupont De Nemours and Co.*,121 F.3d 703 (5th Cir. 1997) (affirming vacation of judgment on the basis of the prevailing party's expert witness's perjury and submission of falsified documents). Plaintiff's counsel submitted to this Court a license agreement supposedly signed in 2009 and license payments purportedly dating back to 2007 that reference a copyright registration number not issued until the year 2011. (Defs.' Reply in Supp. of Mot. for Att'y Fees, Doc. 88 at 3; *see also* Pl.'s Dep. Ex. 2, Doc. 48-3). Plaintiff's counsel neither acknowledged nor attempted to explain this impossibility in its Opposition to Defendants' Motion for Attorneys' Fees and Costs. Plaintiff's counsel cannot avoid Defendants' cogent arguments concerning his reliance obviously fraudulent evidence simply by refusing to acknowledge them.

### B. Relevant Circumstances Weigh In Favor Of A Fee Award.

In addition to the requirement of objective reasonableness, *Kirtsaeng* also requires that courts considering attorneys' fees requests "give due consideration to all other circumstances relevant to granting fees" and "[retain] discretion, in light of those factors, to make an award *even when the losing party advanced a reasonable claim or defense.*" 136 S. Ct. at 1983 (emphasis added). The non-exclusive factors set out in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), which include "frivolousness, improper motivation . . . objective

5

unreasonableness[,] . . . and the need in particular circumstances to advance considerations of compensation and deterrence," provide guidance for evaluating the circumstances relevant to awarding fees. *Fogerty* 510 U.S. at 533–34, n.19 (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

Plaintiff's counsel's refusal to address his submission of obviously fraudulent documents in support of Plaintiff's copyright infringement claim is particularly damning on this count—this Court has a particular interest in incentivizing future litigants against submitting falsified evidence in support of copyright infringement claims. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991) (emphasizing that the perpetration of fraud upon the court "involves far more than an injury to a single litigant" as it threatens the "institutions set up to protect and safeguard the public."). Defendants' counsel's argument that Plaintiff's falsification of documents for submission to the Court suggests an improper motive for the suit is compelling. (Defs.' Reply in Supp. of Mot. for Att'y Fees, Doc. 88, at 7). Plaintiff's proffer of obviously fictitious documents for the purpose of litigating a baseless claim is behavior that this Court must deter vigorously.

### C. Procedural Sufficiency of Defendants' Motion.

Plaintiff argues that Defendants' motion was "procedurally deficient," because it did not provide a "fair estimate" of their claimed fees and costs. (Doc. 85 at 16). To address this issue, the Court ordered Defendants to provide further information, including the "breakdown of the number of hours spent by partners, by associates, by paralegals, etc." and a "breakdown of the costs incurred" and set a telephonic status conference. (Doc. 89.) Plaintiff filed a motion for leave to file a declaration, in which Plaintiff's proffered fee expert addressed the need for Defendants' counsel to submit actual billing entries, rather than "cursory summaries." (Doc. 93-1 at 3.)

6

The Court agrees with Plaintiff that it is customary for the moving party to provide actual billing entries with attorneys' fees applications. Accordingly, the Court orders Defendants to provide the Court and Plaintiff's counsel with Defendants' actual billing entries on or before **March 28, 2017**. The Court will then schedule an evidentiary hearing to determine the amount of fees and costs to which Defendants are entitled.

### IV. CONCLUSION

Based on the foregoing, Defendants' motion for attorneys' fees and costs is **GRANTED** as to their entitlement to the same. The lodestar amount and reasonableness of the amount of attorneys' fees sought will be addressed at the hearing.

**IT IS SO ORDERED.**

                                             _s/Algenon L. Marbley_
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**Dated: March 20, 2017**